[See Case No. 2,475.]

WOOD (COSTIGAN v.). See Case No. 3,-265.

WOOD (DAVIS v.). See Case No. 3,659.

## Case No. 17,942.

### WOOD v. DENNY.

[1 Biss. 73.] [1]

District Court, D. Wisconsin. Aug. Term, 1855.

RULES OF DESCENT—LAWS OF WISCONSIN.

A testator bequeathed a certain sum of money to a person in trust, to invest in lands in Wisconsin, in the names of six grandchildren, to be conveyed to and vested in them in fee simple, directing that in case of the death of any of said grandchildren, the share of the child so dying shall go to and vest in his or her surviving brothers or sister. After the lands were purchased, and deeds made conveying them in fee simple to the grandchildren as tenants in common, one of the grandchildren died intestate, unmarried, and without issue. The undivided interest of deceased in the lands passed, by the laws of Wisconsin, to the grandchild's father, and was subject to levy and sale for the father's debts.

The will of Dr. Gideon Jaquex, of the state of Delaware, contains the following provisions: "I give and bequeath unto my friend, John S. Newlin, of the city of Philadelphia, the sum of three thousand dollars, upon this special trust—that is to say, to invest the said sum of three thousand dollars in the names of my grandchildren, Edward Denny, Gideon J. Denny, Henry Denny, Martha Anne Denny, Alfred Denny, and Oswald Denny, in the purchase of lands in the territory of Wisconsin, and to be conveyed to and vested in my said grandchildren in fee simple. And it is my mind and will, and I do hereby declare and direct, that in case of the death of any, or either, of my said grandchildren, the share of the child so dying shall go to and vest in his or her surviving brothers or sister." The lands were selected and conveyed in fee simple to the said grandchildren as tenants in common. Subsequent to such conveyances, Oswald Denny, one of the said grandchildren, died intestate, and in his minority. Charles G. Denny, the defendant, against whom this judgment was rendered, is the father of said grandchildren. The question presented on this motion to set aside the marshal's sale is, whether the undivided share of Oswald Denny, deceased, in the lands so selected and conveyed, is subject to sale under execution issued on this judgment.

Jason Downer, for plaintiff. The provision relates to the death of the testator, or, at most, to the execution of the will. 2

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Jarm. Wills, 621. The trust was completed and executed by the purchase of the lands. Jarm. Wills, 660, 661; Moore v. Lyons, 25 Wend. 119; Earl v. Grim, 1 Johns. Ch. 494; Murray v. De Rottenham, 6 Johns. Ch. 54.

D. A. J. Upham, for defendant, cited the following authorities: 4 Kent, Comm. 533; 2 Jarm. Wills, 449, 452, 456; Defflis v. Goldschmidt, 19 Ves. 566, 572; Hulburt v. Emerson, 16 Mass. 240; Stones v. Heurtly, 1 Ves. Sr. 165; Morton v. Morton, 8 Barb. 18; Daniell v. Daniell, 6 Ves. 297; Cutter v. Doughty, 23 Wend. 513; Newton v. Ayscough, 19 Ves. 534.

MILLER, District Judge. This is an absolute and unrestricted bequest of three thousand dollars to John S. Newlin, in special trust, to be invested by him in lands in Wisconsin, in fee simple, in the names of the testator's grandchildren. Upon the decease of the testator the grandchildren become vested as cestuis que trust, and clothed with power to compel in equity the execution of the trust. It is of little moment whether the provision of survivorship relates to the event of the decease of a grandchild or grandchildren in the testator's life time, or before the execution of the trust, as Oswald Denny died after the trust was fully executed. But it may be well to remark, that the law seems to be settled, that where the bequest is absolute and unrestricted, provisions such as this one, unlimited as to time, are construed to make them provide against the event of the legatee dying in the lifetime of the testator. Courts have seized with avidity upon slight expressions or circumstances, so to construe such provisions, to prevent a lapse, and also to avoid a restraint of alienation.

The word "share" must refer to the money, the subject of the bequest. And the words "go to and vest in," are more appropriate for passing the money, than real estate, particularly as the will appears to be drawn with legal precision. The bequest is to be construed as if the testator had directed that the trustee shall make the investment in lands in Wisconsin, in the names of such grandchildren as may survive him, or as may be living at the time of the investment, immaterial which in this case.

The money was directed to be invested in lands in the names of the grandchildren in fee simple. But if the provision of survivorship were construed to relate to the lands, the grandchildren would not become vested of an estate in fee. The technical words of the will should be construed according to their legal meaning. It would not do for the court to attempt by construction to mould the fee, so as to give effect to a conjectural intention. The testator did not direct that the fee should be defeasible throughout the entire life of the grandchildren.

The lands were conveyed to the grandchildren as tenants in common in fee simple; but there was no obligation resting on the trustee to accept joint conveyances. Six tracts or pieces of land might have been selected and purchased for the consideration of five hundred dollars each, and a conveyance might have been made of a tract in severalty to each grandchild. If the will had directed that the conveyances to the grandchildren should be as tenants in common of the lands, possibly there might be some plausibility in the argument that the word "share" should apply to the lands as well as to the money. If the lands had been conveyed to the grandchildren in severalty, there would not be anything to which the word "share" could be applied. The lands are not per se the subject of a limited or conditional bequest, but they are an absolute and unconditional investment in fee simple of a bequest. The grandchildren became seized in fee of the lands by virtue of the deeds of conveyance to them in their own names, not by devise under the will. When the conveyances were delivered to the grandchildren, including Oswald, the trust was fully executed, according to the directions of the will, and the office and duties of the trustee ceased. In executed trusts, whether by deed or will, the rule of law must prevail. The deeds conveying the lands to the grandchildren as tenants in common in fee simple, were in conformity to the directions of the will, and also according to the laws of this state. By section 44, c. 56, p. 317, Rev. St., all grants and devises of lands made to two or more persons, except as provided in the following sections, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy.

Oswald Denny having died intestate, seized of an estate in fee simple, without living issue or a widow, by the law of Wisconsin, his share in the lands descended to his father; and being thus vested in Charles G. Denny, the defendant, they became subject to sale under execution on this judgment.